AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Ronald Vandoren Jones | ) | Case No. 3:17mj 19 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

F I L E D
FEB - 9 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 7, 2016__ in the county of __Richmond City, Virginia__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 922(g)(1) | Possession of firearm after having been convicted of a felony. |

This criminal complaint is based on these facts:
Attached Affidavit of Special Agent Thomas Byrd, ATF

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas W. Byrd, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

/S/
David J. Novak
United States Magistrate Judge

Date: __02/09/2017__

*Judge's signature*

City and state: __Richmond, Virginia__   David J. Novak, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

The affiant, Thomas W. Byrd, having been duly sworn, deposes and states that the information contained herein is true and accurate to the best of the affiant's knowledge.

1. I, Thomas Wayne Byrd have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco and Firearms (ATF) since July 2015, and I am currently assigned to the Richmond III field office. As a SA with ATF, I am primarily responsible for conducting criminal investigations that concern the enforcement of our nation's federal firearm laws. I have previous law enforcement experience as Special Deputy with the Monroe County Sheriff's Office in Bloomington, Indiana, in 2005, a Tactical Response Force Officer with Murray Guard, a contractor for the Department of Energy (DOE) in 2008, civilian police officer in Quantico, Virginia, with the United States Marine Corps in 2009. In addition to my law enforcement experience, I have served in the United States Army Reserve and Army National Guard from June 2002, to June of 2015; currently on inactive status with an honorable service record highest rank attained First Lieutenant/Infantry.

2. The information in this affidavit is the result of a joint investigation involving the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and the Richmond Police Department (RPD). All information contained in this affidavit is either based upon this affiant's personal knowledge, and/or the investigation and observations of other officers/agents involved in this investigation.

3. I present this information in support of a criminal complaint charging Ronald JONES with Possession of a Firearm and ammunition by a Convicted Felon in violation of Title 18 U.S.C. 922(g)(1).

4. Since this affidavit is being submitted for the limited purpose of obtaining an arrest warrant for Ronald Jones, it is not intended to include each and every fact

1

and matter observed or known to the government. I have set forth only those facts necessary to support probable cause for this application.

5. On November 7, 2016, at 8:45 PM, RPD Detective (DET) Lindsey was working as a patrol officer when he observed a vehicle operating without its headlights on near the intersection of Harwood Street and Willis Street. DET Lindsey initiated a traffic stop of this vehicle, a 2009 silver Cadillac, Virginia registration VHH-5554. DET Lindsey approached the vehicle and spoke with the driver, Ronald JONES. JONES advised DET Lindsey that he did not have a driver's license and provided DET Lindsey his name and date of birth.

6. DET Lindsey took JONES's name and date of birth and returned to his patrol vehicle to query JONES for any arrest warrants. When DET Lindsey ran JONES's name and date of birth, the query returned an active warrant for JONES. DET Lindsey again approached the vehicle, he saw JONES with his right hand reaching across his body towards the left side of his body by the car door. DET Lindsey ordered JONES to show his hands where DET Lindsey could see them. After this order was given, DET Lindsey heard the sound of a heavy object striking the plastic near the driver's side door.

7. DET Lindsey, after hearing the sound, immediately opened the driver's side door and observed a black handgun between the driver's side seat and driver's side door. DET Lindsey described the orientation of the firearm was upside down, with the pistol grip facing upwards towards the ceiling of the car and the barrel of

the firearm to be pointing forwards, towards the front of the vehicle. DET Lindsey immediately recovered the firearm, identifying a Taurus manufacturer, 9mm caliber handgun with serial number TIM28344. DET Lindsey stated that the firearm was still warm to the touch when he grabbed it with his bare hands. DET Lindsey advised JONES that he was under arrest. Search incident to arrest, DET Lindsey recovered the following items from JONES's person.

    a. Four thousand, three hundred and thirty dollars ($4,330) of United States Dollar (USD) currency recovered from JONES's left front pants pocket (LFPP), found in two separate bundles, with a rubber band around each bundle of currency.

    b. One black cellular phone from his left rear pants pocket (LRPP).

    c. Two separate plastic pill bottles with no label, recovered from right front pants pocket, containing multiple pills and several different pills inside each bottle.

8. DET Lindsey contacted the Poison Control Center and physically described the pills recovered from JONES's person. The Poison Control Center advised DET Lindsey that the pills recovered were Schedule II drugs.

9. The above firearm recovered is described as a Taurus manufacturer, 9mm caliber handgun with serial number TIM28344.

10. All of these events occurred in the Eastern District of Virginia.

11. A criminal history query of Ronald Jones reveals JONES was a convicted felon at the time of this event.

12. Your affiant has determined that the above described firearm is a firearm as defined by Title 18, U.S.C., Section 921(a)(3). According to ATF Firearms Interstate Nexus Expert SA Joshua Valot, the above firearm was manufactured outside of the Commonwealth of Virginia and has affected interstate commerce.

13. Based on the above information, this affiant believes that probable cause exists to arrest Ronald JONES for the following offense: 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

Respectfully submitted this 9th day of February, 2017.

Thomas W. Byrd
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Subscribed and sworn to before me
this 9th day of February, 2017.

/S/
David J. Novak
United States Magistrate Judge

4